UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**United States of America**

    v.                                                Case No. 06-cr-00034-PB-2
                                                           Opinion No. 2020 DNH 110

**Anthony Burnett**

**MEMORANDUM AND ORDER**

Defendant Anthony Burnett ("Burnett") moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)"), as amended by Section 603(b)(1) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239.

        **I.**     **STANDARD OF REVIEW**

Following its amendment by the First Step Act, the compassionate release statute provides that

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable . . . .

18 U.S.C. § 3582(c)(1)(A). The court may do so if it finds that "extraordinary and compelling reasons warrant such a reduction,"

§ 3582(c)(1)(A)(i), and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A). The Sentencing Commission's policy statement ("the policy statement"), which was promulgated prior to the passage of the First Step Act,[1] provides as follows:

> Upon motion of the Director of the [BOP] under [Section 3582(c)(1)(A)], the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in [Section 3553(a)], to the extent that they are applicable, the court determines that —
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13 (U.S. Sentencing Comm'n 2018). The commentary to the policy statement

---

[1] District courts are divided on whether this policy statement remains binding following the enactment of the First Step Act. Cf. United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019) (collecting cases). I am aware of no court that has chosen to disregard the policy statement entirely. I, instead, conclude that it "provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change." Id. at *3.

further explains what is meant by "extraordinary and compelling reasons." This commentary states, in relevant part:

> Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist . . . [when t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

USSG § 1B1.13 cmt. n.1—(A)(i).

## II.  BACKGROUND

In 2006, a jury of Burnett's peers found him guilty of five drug trafficking and firearms-related offenses. Jury Verdict, Doc. No. 59 at 1-2.[2] Under mandatory minimum requirements in place at the time, I sentenced him to a term of imprisonment of life plus sixty months. J. in a Crim. Case, Doc. No. 111 at 3. In 2019, Burnett moved to have his sentence reduced. Def.'s Mot. to Reduce Sentence Pursuant to the First Step Act, Doc. No. 162 at 1. Burnett argued that Section 404 the First Step Act permitted me to resentence him under the modified statutory penalties of the Fair Sentencing Act of 2010 ("Fair Sentencing

---

[2] Burnett was found guilty of (1) Conspiracy to distribute cocaine base "crack," (2) Possession with intent to distribute, (3) Possession of a firearm in furtherance of a trafficking crime, (4) Use of a firearm during a drug trafficking crime, and (5) Felon in possession of firearms. Doc. No. 59 at 1-2.

3

Act"), Pub. L. 111-220, §§ 2, 3, 124 Stat 2372, 2372 (codified as amended at 21 U.S.C. §§ 841(b)(1), 844(a)). Doc. No. 162 at 4-5. I agreed and reduced his sentence to 240 months. Order Re: Mot. for Sent'g Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Doc. No. 177 at 1.

Burnett currently suffers from "severe cardiomyopathy associated with rheumatic heart disease." Reduction in Sentence (RIS) Review Comm. Comprehensive Med. Summ., Doc. No. 186-3 at 1. He has been diagnosed with congestive heart failure with a "poor" prognosis. Doc. No. 186-3 at 2. Although his condition has improved thanks to transcatheter aortic valve replacement ("TAVR") surgery, his heart remains extremely weak, with an ejection fraction ("EF") between eighteen and twenty-five percent.[3] Doc. No. 186-3 at 2. He requires a wheelchair or walker to ambulate. Doc. No. 186-3 at 3. Burnett's cardiologist "has mentioned a [five-]year trajectory as a rough estimate" of his life expectancy. Doc. No. 186-3 at 3.

In light of his medical condition, Burnett submitted a request for sentence reduction to the BOP, which was denied on

---

[3] At the June 15, 2020 hearing held on Burnett's motion, Dr. Patricia Ruze, who authored Burnett's comprehensive medical summary, stated that Burnett's heart condition leaves him more susceptible to complications from COVID-19, should he contract the virus. Although Dr. Ruze did not testify under oath, I have no reason to doubt this assessment.

4

February 11, 2020. Mem. for Radm S. Spaulding, Warden, Fed. Med. Ctr. Devens, Doc. No. 186-4 at 1. He filed this motion for compassionate release on May 26, requesting a sentence reduction to time served. Doc. No. 186 at 1. I held a hearing on Burnett's motion on June 15. At my request, the U.S. Probation Office supplemented its release plan for Burnett, addressing concerns I expressed at the hearing regarding Burnett's proposed placement.

### III. DISCUSSION

The BOP denied Burnett's request for a reduction in sentence, Doc. No. 186-4 at 1, so his motion is properly before me under Section 3582(c)(1)(A). At the hearing on Burnett's motion, the government agreed that Burnett's medical condition meets the policy statement's commentary definition of "extraordinary and compelling circumstances." I concur with the government's assessment. Accordingly, I must return to the familiar Section 3553(a) factors and also determine whether Burnett is "a danger to the safety of any other person or to the community" under Section 1B1.13(1)(B) of the USSG.

The bulk of the Section 3553(a) factors weigh in favor of compassionate release. Most importantly, Burnett has already served over fifteen years in prison, a term sufficient "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," §

3553(a)(2)(A), and "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B). The only Section 3553(a) factor potentially weighing against release is the need "to protect the public from further crimes of the defendant." § 3553(a)(2)(C). This factor is substantially similar to the policy statement's instruction to evaluate whether the defendant is "a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

The danger that Burnett poses to the public is real. He is currently serving a sentence based, in part, on the use of a firearm in furtherance of a drug crime. Doc. No. 59 at 1-2. He also has an extensive criminal history, including numerous convictions for state drug and firearms offenses, as well as assault and battery. Presentence Investigation Report, Doc. No. 171-3 at 16-22. Since his incarceration with the BOP, Burnett has amassed a lengthy record of disciplinary infractions, including assault with serious injury, assault without serious injury, and possessing a dangerous weapon. Suppl. Presentence Investigation Report, Doc. No. 171 at 2.

The danger that Burnett poses, however, is substantially mitigated by his medical condition. He is currently able to move only short distances using a walker and is otherwise wheelchair-bound. His heart function is extremely weak. His condition is unlikely to improve substantially. Under these conditions, I am

satisfied that the danger Burnett poses to the community can be adequately addressed through the imposition of a one year term of special supervised release during which Burnett will be confined to his home and will be subject to electronic monitoring.

Because the only Section 3553(a) factor weighing against Burnett's release is adequately mitigated by his current physical limitations and by a one-year period of home detention with electronic monitoring, I conclude that the balance of the factors weighs in favor of his release.

## IV. CONCLUSION

For the foregoing reasons, Burnett's amended motion for compassionate release (Doc. No. 186) is granted as follows:

1) Burnett's sentence will be reduced to time served.

2) Burnett will be placed on special supervised release for one year, during which time he is to remain on home confinement and be subject to electronic monitoring.

3) Following the term of special supervised release, Burnett will be placed on supervised release for a term of five years.

4) The clerk shall set a telephone conference with counsel to discuss proposed terms of supervised release and the content

of the amended judgment that the court will issue prior to the defendant's release.

    SO ORDERED.

<u>/s/ Paul J. Barbadoro</u>
Paul J. Barbadoro
United States District Judge

June 30, 2020

cc:   Seth R. Aframe, Esq.
      Behzad Mirhashem, Esq.
      U.S. Marshal
      U.S. Probation